793 F.2d 1291
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SUDIE MAE FEARIN, Plaintiff-Appellant,
v.
FOX CREEK VALLEY WATERSHED CONSERVANCY DISTRICT, JOHN BLOCK,
PETER C. MYERS, EDDIE L. WOOD, Defendants-Appellees.
 85-5784
 United States Court of Appeals, Sixth Circuit.
 5/27/86
 
 AFFIRMED
 E.D.Ky.
 On Appeal from the United States District Court for the Eastern District of Kentucky
 Before: ENGEL, KENNEDY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sudie Mae Fearin appeals a decision of the United States District Court for the Eastern District of Kentucky granting summary judgment against her and dismissing her action to enjoin the construction of a dam on her property.
 
 
 2
 Fearin resides on and farms eighty-six acres in Fleming County, Kentucky. A portion of her land has been selected as the site of a flood control dam in the Fox Creek Watershed Project, and most of the remainder would be flooded if the dam were constructed. FRS 2, the dam proposed for Fearin's property, is the only remaining unconstructed dam in the project, which was otherwise substantially completed in the early 1970's.
 
 
 3
 In 1982, Fearin brought suit to enjoin the construction of the dam, alleging, among other things, that the benefits of constructing FRS 2 and the project as a whole do not outweigh their costs, as required by the Watershed Protection and Flood Prevention Act, 16 U.S.C. Secs. 1003(3), 1005(1). On May 23, 1984, the district court entered summary judgment against Fearin on her other claims, and on June 17, 1985, the court granted summary judgment against Fearin on her claim that the cost outweighed the benefits. The court found no cause of action against the Fox Creek Valley Conservation District because, it reasoned, Fearin challenged only action taken by the Department of Agriculture, Soil Conservation Service, not the right of the Fox Creek District to condemn her property or build a dam. It then held that the actions taken by SCS in preparing its cost-benefit report for the project as a whole, in not updating the cost-benefit report, and in computing the cost-benefit ratio, were neither arbitrary nor capricious.
 
 
 4
 On appeal, Fearin challenges only the June 17, 1985 decision. She contends that SCS was obligated under its regulations to reevaluate the costs and benefits of the project in 1982, pursuant to changes in the project plan which eliminated planned channel work and reclassified FRS 2 from a low hazard to a high hazard dam, and that in its reevaluation SCS acted arbitrarily and abused its discretion by employing an arbitrarily low discount rate, by relying on miscalculated benefits projections originally made in 1965, and by miscalculating the costs of development.
 
 
 5
 In reaching its final administrative decision, the SCS concluded that in its reevaluation it could continue to calculate cost and benefit factors using the 3.25 percent discount rate authorized by 42 U.S.C. Sec. 1962d-17 for projects which predated December 24, 1969, and for which the local sponsor, here the Fox Creek District, had given satisfactory assurances that it would pay its share of the project costs. While Fearin contends that satisfactory assurances were not given, the standard of our review is whether SCS's determination constituted an abuse of discretion under the facts at hand. Johnstone v. Davis, 698 F.2d 1088 (10th Cir. 1983). As United States District Judge Wilhoit correctly pointed out, the determination whether assurances are satisfactory is to be made as of the original date the assurances were given, and in view of the length of time which necessarily may pass before that determination again becomes critical because of later developments or changes, it necessarily follows that a strong presumption of correctness should attach to such a finding.
 
 
 6
 The same abuse of discretion standard applies to our review of the Service's other decisions made in reevaluating the costs and benefits of the project. Here, the agency has acknowledged that the preserved data concerning benefits, as calculated when the project was first proposed and commenced in 1965, consist largely of population data. It is also true that evidence subsequent to 1965 and intervening events may have shown some of the benefit projections either to have been overly optimistic or perhaps unfulfilled because of the inability to proceed with the full development of recreation plans as originally contemplated. We do not, however, conclude on either account that the original determination concerning the projected benefits was arbitrary and capricious or constituted an abuse of the administrative discretion accorded the agency. While such subsequent factors may have some relevance, we may not simply substitute our judgment, improved by the luxury of hindsight, for that of the Service, and hence cannot consider them as controlling.
 
 
 7
 It further appears that the agency has at least made a reasonable and good-faith effort to live up to its responsibility for reevaluation by recognizing the requirements of its own National Watershed Manual and, in particular, section 510.12 thereof. While appellant's attorney very intelligently and forcefully argues that the SCS may have been deficient in following its specific guidelines, at least one circuit has held that
 
 
 8
 since the Guide and the Handbook are merely internal operating procedures, rather than regulations officially promulgated under the APA or otherwise, they do not prescribe any rule of law binding on the agency. . . . Thus, deviations from established procedures may be tolerated. For purposes of review, the Guide and the Handbook serve only as indicia of whether the evaluation procedures adopted in a particular case are 'arbitrary and capricious.'
 
 
 9
 Concerned Residents of Buck Hill v. Grant, 537 F.2d 29, 38 (3d Cir. 1976). The rationale of the Third Circuit finds further support in the language of the manual itself which states that it 'has been designed to focus on current policy with as few contraints as possible.'In sum, while the issue is complex and not without difficulty, we conclude as did the district judge that there was no abuse of agency discretion under the circumstances here which could be classified as arbitrary or capricious or otherwise warrant judicial intervention.
 
 
 10
 AFFIRMED.